Green, J.
delivered -the opinion of the court.
By the petition and affidavit of Blair, as well as by the affidavit of Gardenhire, the agent of Pathkiller, it appears satisfactorily that James Blair was not in possession of the quarter section for which this writ of restitution is asked, at the time said James Blair was sued by Pathkiller. It is true, Gardenhire says that Cains was in possession, as tenant of Pathkiller, and that on the 10th of January 1821, Cains became the tenant of petitioner, without having surrendered the possession to Pathkiller. Take this statement to be true, and it must result that James Blair was not in possession, for whether Cains was in possession as tenant of John Blair or Pathkiller, his *232 possession was not James Blair’s possession, and consequently could not have been put in litigation by the suit against James Blair. If it was not put in litigation, the judgment against James Blair was no judgment for the lands so in possession of Cains, and no writ of possession by virtue of that judgment, could extend to it or act upon the possessor. If John Blair, by collusion with Pathkiller’s tenant, obtained the possession, that cannot affect this question, however it may influence the judgment in an action of ejectment against John Blair. We, therefore, allow the writ of restitution according to the petition.
Writ allowed.